**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBIN R. BAKER,**

          **Plaintiff,**

-vs-                                                   **Case No. 6:07-cv-1138-Orl-28KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

          **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 14)** |
| **FILED:** | September 4, 2008 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part. |

Plaintiff Robin R. Baker[1] seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. No. 14. A final judgment reversing the decision below was entered on August 25, 2008. Doc. No. 13. An award of fees is, therefore, ripe for consideration.

Baker's attorney seeks $4,006.00 in attorneys' fees for 24.1 hours of work: 3.9 hours of work performed in 2006; 17.5 hours of work performed in 2007; and 2.7 hours of work performed in 2008.

---

[1] Baker's Petition contains a scrivener's error in the body of the petition, listing an incorrect Plaintiff's name.

Doc. No. 14 at 8-9. The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). Baker has failed to present an analysis of changes in the CPI that would support an adjustment of the rate for work performed in 2006. Baker has presented an analysis for adjustment of the rate in this case to $166.00 per hour all work performed in 2007, and makes no request for an increase for work performed in 2008. Doc. No. 14 at 4. However, Baker's attorney is not entitled to fees for work performed in 2006 at the 2007 rate.

Because the petition is unopposed, I will review the available public information regarding the cost of living increase. Based on the U.S. Department of Labor Bureau of Labor Statistics, Consumer Price Index–All Urban Consumers, Series ID: CUUR0000SA0, *available at* http://www.bls.gov/ (last visited Sept. 8, 2008), the cost of living increase from 1996 to December of 2006 was 28.49 %.[2] As such, Baker's attorney is entitled to an additional $35.61 over the statutory rate for the work performed in 2006.[3] The maximum rate that Baker's attorney may receive for work performed in 2006 is $160.61 per hour.[4] As there are no objections, I find that $160.61 is a reasonable rate for work performed in 2006.

---

[2] This figure is calculated by dividing the difference between the 2006 rate and the 1996 rate (201.6 – 156.9 = 44.7) by the 1996 rate (156.9), which results in a cost of living increase from 1996 to 2006 of 28.49 %.

[3] This figure is computed by multiplying the cost of living increase from 1996 to 2006 (28.49 %) by the statutory rate ($125.00).

[4] This figure is calculated by adding the statutory rate ($125.00) to the permissible cost of living increase ($35.61).

Performing the same calculations, I find the cost of living increase from 1996 to December of 2007 was 32.15 % . Baker's attorney is entitled to an additional $40.19 over the statutory rate for the work performed in 2007. The maximum rate that Baker's attorney may receive for work performed in 2007 is $165.19 per hour. As there are no objections, I find that $165.19 is a reasonable rate for work performed in 2007 and 2008. Defendant Commissioner of Social Security, does not oppose the motion. Doc. No. 14 ¶ 10.

I find the total hours worked by Baker's attorney was reasonable in the absence of objection. Accordingly, Baker is entitled to recover $626.38 for the 3.9 hours of work performed in 2006; $2,890.83 for the 17.5 hours of work performed in 2007; and $446.01 for the 2.7 hours of work performed in 2008; a total award of $3,963.22.

Baker also seeks an award of costs in the amount of the $350.00 filing fee and $26.00 for service of process. The Commissioner does not object to these costs and expenses. I find that these costs and expenses were reasonably incurred in the absence of objection.

The United States Court of Appeals for the Eleventh Circuit has recently held that EAJA attorneys' fees are awarded to the prevailing party, not to the prevailing party's attorney. *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008). Baker submitted an Assignment by which he assigned any attorneys' fees awarded by the Court pursuant to the EAJA to Attorney Lawrence. Doc. No. 14-2 ("Assignment of EAJA Fee"). Baker, being the individual entitled to any EAJA attorneys' fees awarded by the Court, had the right to assign those fees to his counsel. *See, e.g.*, *Turner v. Astrue*, No. 5:07cv09/RS-EMT, 2008 WL 2561966, at * 2-3 (N.D. Fla. June 24, 2008).

**RECOMMENDATION.**

For the reasons set forth in the foregoing report, I respectfully recommend that the Court **ORDER** the Commissioner of Social Security to pay to Chadwick J. Lawrence, Esq., $3,963.22 in attorneys' fees, and $376.00 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 14, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE